BEFORE THE THIRD DIVISION, MARCH 5, 1958

**No. 61618.**—Joseph A. Paredes & Co., a/c A. Giuntoli *v*. United States, protest 265443–K (San Francisco).

DONLON, Judge: Plaintiff's protest claim as filed was, in substance, that a marble statue, imported from Italy and classified by the collector under paragraph 232 (d) as a manufacture of marble, not specially provided for, is entitled to free

entry, under paragraph 1807 of the Tariff Act of 1930, as a work of free fine art in the form of an original statuary or sculpture. By amendment, plaintiff makes the further claim, alternatively, that this import should be classified as a work of art under paragraph 1547 (a), as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, effective May 28, 1950 (T. D.'s 52373, 52476).

It appears from the testimony of record, and from a notation by the examiner which is cited in plaintiff's protest (the official papers not being of record), that the customs examiner found that, whether this piece of marble statuary was or was not an original work of art, it came within the exclusionary language of paragraph 1807, because it was imported for "utilitarian advertising," that is, it was an article of utility or of industrial art.

The first issue is whether plaintiff has overcome the presumption of correctness that attaches to this classification. It is not enough for plaintiff to adduce evidence that the imported sculpture is an original work of free fine art under paragraph 1807, unless plaintiff also has met its burden of proof that the exclusionary language of paragraph 1807 does not apply to this importation. Not every original work of art is entitled to free entry. Here, the liquidation raises the issue that the exclusionary language of paragraph 1807 governs the claimed right to classification under that paragraph. That is the issue.

Plaintiff's proofs fail to meet the issue. They were directed to the artistic merits, originality, and other artistic features of the imported sculpture. They were not directed to the exclusionary provision.

It is not necessary for us to decide whether or not plaintiff's proofs show this sculpture to be an *original* work of art. Plaintiff has not shown, indeed seems not even to have tried to show, that the sculpture was not, in fact, as defendant contends that it was, an article of utility imported for industrial use within the meaning of paragraph 1807. Congress expressed its intention that the free list under paragraph 1807 is to be limited. The words are plain. An article of utility or for industrial use is not included as a sculpture for purposes of paragraph 1807, even if it is an original work of art.

Free entry is a privilege, and plaintiff is required to show all the conditions basic to the right of free entry. Mere proof intended to establish that the sculpture is a work of art fails to overcome the presumption of correctness as to the exclusionary provision, which attaches to the classification.

While plaintiff failed in its burden of proof, defendant on trial elicited testimony which tends to corroborate the collector's classification, based on the utilitarian purpose for which the sculpture was imported.

The remaining question is whether, even if this is an original work of art but one excluded from the free list, because it falls within the exclusionary provision of paragraph 1807, plaintiff has, nevertheless, shown entitlement to classification as a work of art under modified paragraph 1547 (a), as the amended protest alternatively claims. We are of opinion that plaintiff has made its case for classification under modified paragraph 1547 (a).

Whether or not this sculpture is an original work of art, the proofs establish that it is a work of art under modified paragraph 1547 (a). That paragraph contains no exclusionary provision, comparable to that which is found in paragraph 1807.

There is precedent for classification of utilitarian or industrial art under paragraph 1547 (a). *Wm. S. Pitcairn Corp.* v. *United States*, 39 C. C. P. A. (Customs) 15, C. A. D. 458. *United States* v. *J. E. Bernard & Co., Inc.*, 33 C. C. P. A. (Customs) 166, C. A. D. 331.

Judgment will be entered in accordance with this decision, overruling the protest claim for free entry under paragraph 1807 and granting the amended protest claim for classification under modified paragraph 1547 (a).